**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

APRIL D. GRAY,

    Plaintiff,

vs.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

    Defendant.

## **COMPLAINT**

COMES NOW the Plaintiff, APRIL D. GRAY, by and through the undersigned attorneys, and files this Complaint stating causes of action against Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, and alleges as follows:

1. This is an action for recovery of benefits under employee welfare benefit plans brought pursuant to 29 U.S.C. §1132(a)(1)(b)(ERISA).

2. Plaintiff, APRIL D. GRAY, is an adult resident citizen of Clay County, Missouri.

3. Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA (hereinafter "UNUM"), is a foreign corporation authorized to engage and engaging in business within the State of Florida.

4. This Court maintains subject matter jurisdiction over this action pursuant to 29 U.S.C. § 1132(a)(1)(B), § 1132(e) and 28 U.S.C. § 1331.

5. Plaintiff and/or her employer, Ray County Memorial Hospital, purchased through her employer a contract of salary continuance insurance including long term disability (LTD) benefits (hereinafter "the LTD Plan"), effective on or about July 1, 2003.

6. At all times material to this Complaint, the LTD Plan was in full force and effect and Plaintiff was a Plan participant.

7. Defendant, UNUM, is in possession of all master LTD Plan documents.

8. Defendant is a third party plan administrator or claims fiduciary given discretion to interpret LTD Plan provisions and is an LTD Plan fiduciary, or alternatively, is an LTD Plan fiduciary without discretion to interpret LTD Plan provisions.

9. On or about January 6, 2014, Plaintiff became totally disabled from her past employment as defined by the LTD Plan, due to fibromyalgia, diabetes, memory loss, and other exertional and non-exertional impairments.

## COUNT I

## BREACH OF CONTRACT FOR LONG TERM DISBILITY BENEFITS

10. Plaintiff re-alleges and reavers each and every allegation contained in Paragraphs 1 through 9, *supra*, as if delineated here.

11. Plaintiff made a timely application for LTD disability benefits under the LTD Plan.

12. On or about July 7, 2014, Defendant approved Plaintiff's LTD claim and benefits were paid through May 10, 2018.

13. On or about May 10, 2018, Defendant terminated Plaintiff's LTD benefits, and advised Plaintiff that no further LTD benefits would be paid beyond May 10, 2018.

14. On or about May 24, 2018, Plaintiff appealed said termination of LTD benefits.

15. On or about August 14, 2018, Defendant upheld its previous decision and continued to deny Plaintiff's claim for ongoing LTD benefits.

16. Plaintiff continues to remain totally disabled from employment, as defined by the LTD Plan, due to fibromyalgia, diabetes, memory loss and other exertional and non-exertional impairments.

17. Plaintiff has exhausted all mandatory administrative remedies afforded by the LTD Plan and has otherwise complied with all conditions precedent to this action.

18. Each of the Defendant's denials of Plaintiff's claims for Long Term Disability benefits was arbitrary and capricious, constituted abuse of Defendant's discretion under the LTD Plan, and derogated Plaintiff's right to disability benefits under the terms of the LTD Plan.

WHEREFORE, Plaintiff prays for a judgment against the Defendant for all LTD Plan benefits owing at the time of said judgment, pre-judgment interest, attorney's fees, costs of this action, and all other relief deemed just and proper by the Court.

Dated: June 21, 2019.

/s/ Nick A. Ortiz
Nick A. Ortiz
Florida Bar No. 12699
Ortiz Law Firm
823 East Jackson Street
Pensacola, FL 32501
(850) 308-7833 (P)
(850) 208-3613 (F)
nick@nickortizlaw.com

/s/ Katelyn L. Hauser
Katelyn L. Hauser
Florida Bar No. 0127560
Ortiz Law Firm
823 East Jackson Street
Pensacola, FL 32501
(850) 308-7833 (P)
(850) 208-3613 (F)
kate@ortizlawfirm.com